# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 18, 2018

Lyle W. Cayce
Clerk

No. 17-40808
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIX HERNANDEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-1612-6

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Felix Hernandez appeals the sentence he received following his guilty plea conviction for making false statements during the acquisition of a firearm in order to procure firearms on behalf of another, in violation of 18 U.S.C. § 922(a)(6), § 924(a)(2) and § (2). He argues that the district court erred in assessing a four-level sentencing enhancement, pursuant to U.S.S.G. § 2K2.1(b)(5), because there was no evidence that he intended to engage in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearms trafficking.  More specifically, he contends that the Government failed to prove by a preponderance of direct evidence that he in fact knew that the firearms he purchased were bound for Mexico, particularly as testimony at sentencing established that he was instead told that the firearms were headed north.  Hernandez faults the district court for attributing other participants' knowledge of the scheme to him and urges that, in the absence of any direct evidence of his own personal knowledge, the enhancement would be virtually automatic in all cases involving straw purchasers in southern Texas.

This court reviews the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  We will uphold a district court's factual finding on clear error review so long as it is "plausible in light of the record as a whole."  *Id.* (citation omitted).  Whether the defendant knew or had reason to believe that the person to whom he delivered firearms intended unlawful use or disposition of them for purposes of Section 2K2.1(b)(5) is a factual issue reviewed for clear error.  *United States v. Juarez*, 626 F.3d 246, 251–52 & n.9 (5th Cir. 2010).

In assessing a defendant's mental state for purposes of sentencing, a court may draw "common-sense inferences from the circumstantial evidence," and such inferences are reviewed for clear error.  *United States v. Caldwell*, 448 F.3d 287, 292 (5th Cir. 2006).  Thus, to the extent that Hernandez argues that the enhancement could not apply because there was no direct evidence of his knowledge, the claim is without merit.  *Juarez*, 626 F.3d at 256.

Here, there was testimony concerning a co-conspirator's statement that, although the participants were initially told the firearms were headed north, Hernandez was actually aware that the weapons he was purchasing were bound for Mexico.  In addition, there was substantial circumstantial evidence

in the record from which the district court could infer that Hernandez knew or had reason to believe that the firearms he purchased were going to be transported to Mexico for illegal purposes. Such evidence included the military-style assault type of firearms purchased; the volume of the weapons purchased; the manner in which the purchases took place, with several participants traveling to the same firearms dealer to make multiple purchases, often within minutes of each other; the relationships between the participants in the scheme; that Hernandez and others were paid a premium to make the straw purchases; and that the purchases were made along the south Texas border. In *Juarez*, we upheld the district court's finding – based on similar factors and transactions occurring in close proximity to the Texas-Mexico border – that "anyone who open[ed] their eyes" to the "obvious circumstances" would know that the firearms in question "are being taken into Mexico to be used for unlawful purposes." *Id.* at 250–52.

Thus, the district court's finding that the Section 2K2.1(b)(5) enhancement was appropriate was not clearly erroneous. *Id.*; *see Cisneros-Gutierrez*, 517 F.3d at 764.

AFFIRMED.